[Cite as *In re Parker*, 2012-Ohio-5540.]

IN THE COURT OF APPEALS OF MONTGOMERY COUNTY, OHIO

|  |  |  |
|---|---|---|
| | : | |
| IN RE FORFEITURE OF PROPERTY | | |
| OF ERIC D. PARKER, ET AL. | : | C.A. CASE NO. 25045 |
| | : | T.C. CASE NO. 2011 CV 6247 |
| | : | (Appeal from the Common Pleas Court) |
| | : | |

. . . . . . . . .

**O P I N I O N**

Rendered on the 30th day of November, 2012.

. . . . . . . . .

Mathias H. Heck, Jr., Prosecuting Attorney, by Laura G. Mariani, Assistant Prosecuting Attorney, Atty. Reg. No. 0063204, P.O. Box 972, 301 West Third Street, Dayton, Ohio 45422
     Attorney for Plaintiff-Appellee

Eric D. Parker, 411 Shoop Avenue, Dayton, Ohio 45417
     *Pro Se* Defendant-Appellant

. . . . . . . . .

GRADY, P.J.:

{¶ 1} Eric Devon Parker appeals from a default judgment granted to the State of Ohio on its complaint seeking a civil forfeiture of property seized from Parker at the time of his arrest on criminal charges.

{¶ 2} On August 31, 2011, the State filed its complaint for civil forfeiture pursuant to R.C. 2901.01 and/or 2981.01. [Dkt. 1]. The complaint alleged that a 1995 Cadillac

automobile and $580.00 in currency "possessed, concealed or transported by its owner(s), Eric D. Parker and/or Shawndra L. Montgomery" * * * "is either contraband, proceeds and/or an instrumentality with a relationship to the underlying criminal case * * * in that it was used, or intended to be used, in the commission of an offense or offenses, or that it was proceeds from an offense or offenses, to wit: Possession of Drugs in violation of Ohio Revised Code Section 2925.11 and Trafficking in Drugs in violation of Ohio Revised Code Section 2925.11."

{¶ 3}   The State requested service of the complaint and attached summons by certified mail on Parker at 411 Shoop Avenue, Dayton, Ohio 45417, pursuant to Civ.R. 4.1(A).  The mailing was returned unclaimed. [Dkt. 7].  The State then requested service on Parker by ordinary mail at the same address pursuant to Civ.R. 4.6(D).  Such service is complete when the fact of mailing is entered on the record by the clerk.  *Id*.  The certified copy of the docket and journal entries prepared by the clerk pursuant to App.R. 9(A)(1) indicates that service of the complaint and summons was reissued by ordinary mail on October 28, 2011.

{¶ 4}   A defendant must file an answer to a complaint within twenty-eight days after service of the complaint and summons on him.  Civ.R. 12(A)(1).  Parker had not filed an answer or other responsive pleading when, on February 3, 2012, the State moved for a default judgment pursuant to Civ.R. 55.  The trial court granted the State's motion and entered a default judgment forfeiting Parker's interests in the currency and automobile to the State on February 9, 2012. [Dkt. 16].  A copy of the default judgment was served on Parker by ordinary mail at 411 Shoop Avenue, Dayton, Ohio 45417.  Parker filed a notice of appeal from the default judgment on February 21, 2012.

{¶ 5}  App.R. 16(A)(2) requires an appellant to include in his brief "[a] statement of the assignments of error presented for review."  Parker's *pro se* brief fails to comply with that requirement.  However, we glean from the arguments he presents that Parker claims that (1) he lacked notice of the State's complaint for forfeiture, and that (2) his property was not subject to forfeiture because he was not convicted of the underlying criminal offenses for which he was arrested.

{¶ 6}  Attached to Parker's brief on appeal is a copy of a final judgment entered by the court of common pleas on March 19, 2012 in Case No. 2011 CR 02873/2, dismissing the criminal charges in that case that were filed against Eric Devon Parker on the State's motion and without prejudice.  The same is not reflected in the record of the trial court's proceedings in the forfeiture case underlying this appeal.  However, the State concedes in its brief on appeal that the criminal charges against Parker and his co-defendant, Shawndra Montgomery, on which the State's forfeiture claim was predicated were dismissed by the court after the court sustained a motion to suppress evidence.

{¶ 7}  In *Dayton Police Department v. Thompson*, 2d Dist. Montgomery No. 24790, 2012-Ohio-2660, at ¶ 11, we wrote:

> * * * Under R.C. 2981.05(D), a trial court "shall issue a civil forfeiture order if it determines that the prosecutor has proved by a preponderance of the evidence that the property is subject to forfeiture under section 2981.02 of the Revised Code * * *."  In turn, R.C. 2981.02 provides that "[p]roceeds derived from or acquired through the commission of an offense" are subject to civil forfeiture under R.C. 2981.05.  "Proceeds" include "any property derived directly or

indirectly from an offense," including money. R.C. 2981.01(B)(11)(a). An "offense" is "any act or omission that could be charged as a criminal offense * * * whether or not a formal criminal prosecution * * * began at the time the forfeiture is initiated." R.C. 2981.01(B)(10). Finally, R.C. 2981.03(F) provides that "[a] civil action to obtain civil forfeiture may be commenced as described in section 2981.05 of the Revised Code regardless of whether the offender * * * has pleaded guilty to [or] been convicted of * * * the act that is the basis of the order."

{¶ 8} The fact that the criminal charges in Case No. 2011 CR 02873/2 on which Parker had been arrested were subsequently dismissed did not preclude the prior order of forfeiture. *Thompson*; R.C. 2981.03(F). Further, Parker's failure to file an answer or other pleading responsive to the State's complaint permitted the court to grant a default judgment against Parker on any of the grounds permitted by R.C. 2981.02 that the State alleged in its complaint. A judgment on those grounds required the court to order the forfeiture the State requested. R.C. 2981.05(D).

{¶ 9} With respect to Parker's contention that he lacked notice of the State's complaint, successful service is presumed when service is by ordinary mail sent by the clerk pursuant to Civ.R. 4.6(D). That presumption may be rebutted by evidence showing that service was not in fact made. This record contains no such evidence.[1] Because the default

---

[1] **We note that in his *pro se* brief on appeal, Parker identifies his address as 411 Shoop Avenue, Dayton, Ohio 45417, the same address to which ordinary mail service was sent by the clerk.**

5

judgment was therefore proper, Parker's remedy on his contention lies in a Civ.R. 60(B) motion to vacate the default judgment on his claimed lack of notice. Such relief is available, however, only when the three-pronged test in *GTE Automatic Electric, Inc. v. ARC Industries, Inc.*, 47 Ohio St.2d 146, 351 N.E.2d 113 (1976), is satisfied by the party seeking that relief.

{¶ 10} The assignments of error are overruled. The judgment of forfeiture will be affirmed.

Fain, J., and Hall, J., concur.

Copies mailed to:

Laura G. Mariani, Esq.
Mr. Eric D. Parker
Hon. Barbara P. Gorman