[Cite as *In re A.L.*, 2014-Ohio-46.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

IN RE: A.L.

Appellate Case No.     25740

Trial Court Case No.   JC 2012-5108

(Civil Appeal from Common Pleas
       Court-Juvenile Division)

· · · · · · · · · · ·

O P I N I O N

Rendered on the 10th day of January, 2014.

· · · · · · · · · ·

AARON HILL, Atty. Reg. No. 0085471, 14 West Fourth Street, Reibold Building, P.O. Box 8744, Dayton, Ohio 45401
        Attorney for Plaintiff-Appellee-Montgomery County Support Enforcement Agency

AARON L., Dayton, Ohio
        Pro Se-Appellant

· · · · · · · · · · · ·

WELBAUM, J.

{¶ 1}    Appellant, Aaron L., appeals, pro se, from a trial court judgment overruling his

objections to a magistrate's report and ordering registration of a foreign child support order against him. In support of his appeal, Aaron L. contends that the magistrate erred in stating that all parties, including Angela C. (the mother of the children), were present at the hearing. Aaron L. further contends that the magistrate erred in failing to take notice of state or federal law requiring clear and convincing proof of paternity. Finally, Aaron L. contends that the magistrate's calculation of child support was incorrect.

{¶ 2} We conclude that the magistrate's clerical error did not cause prejudice to Aaron L. that would justify reversal. The magistrate also correctly applied the pertinent law pertaining to registration of support orders, which requires Aaron L. to challenge his paternity in the forum where the support order originated. Finally, the trial court properly registered the appropriate monthly payment that is due. Accordingly, the judgment of the trial court is affirmed.

## I. Facts and Course of Proceedings

{¶ 3} On July 12, 2012, the State filed a complaint in the Montgomery County Common Pleas Court, Juvenile Division, seeking to register a foreign arrears order for purposes of enforcement only. The State attached various documents, including an affidavit of arrearage, indicating that Aaron L. owed $19,543.03 as of June 30, 2011, and pleadings from Case No. 9052 in the Juvenile Court for Hamilton County, Tennessee, entitled Angela C. v. Aaron L.[1]

{¶ 4} The pleadings from Case No. 9052 included orders of legitimation filed on January 23, 1991 for two minor children, Whitley L. and Aleasha L. According to these orders, Aaron L. filed a sworn petition with the juvenile court, acknowledging that he was the father of

---

[1] For privacy purposes, we will reference the parties and children by their first names and last initial.

–3–

the minor children. He also appeared in court for a hearing. The orders designated the children as Aaron L.'s legitimate children, and indicated that Aaron L. was to be added to their birth certificates as the father. Aaron L. was also ordered to pay $20 per week for the current support of the children, plus $5.00 per week towards an existing $2,024 arrearage owed to the State of Tennessee.

{¶ 5} The pleadings from Tennessee further indicated that an administrative order for payments to be made on arrears was entered on February 29, 2009. Aaron L. was ordered to pay $25 per week, beginning February 6, 2009, to reduce his then-existing arrearage of $19,811. Aaron L. was also informed of his right to appeal the order within 15 days by filing a written request for an administrative hearing with the child support office.

{¶ 6} After receiving the complaint seeking registration, the trial court set a hearing for September 12, 2012. A magistrate then continued the hearing until January 18, 2013, noting that Aaron L. intended to contest paternity in Tennessee. Subsequently, on January 23, 2013, the magistrate filed a decision stating that the State's motion to enforce a foreign support order should be granted. The decision also indicated that Angela C., Aaron L., and the attorney for the support enforcement agency were present at the hearing.

{¶ 7} Aaron L. filed objections to the magistrate's decision, raising several points, including Tennessee's lack of personal and subject matter jurisdiction, what appears to be a request that the court apply Hawaii requirements for presumptions of paternity, and the issue of fraud (although the discussion of that point is unclear). In addition, Aaron L. mentioned that the magistrate had incorrectly stated that Angela C. was present in court, when she was not, in fact, present.

{¶ 8}     On March 26, 2013, the trial court filed a decision overruling the objections. The court noted that Aaron L. failed to file a transcript of the hearing as required for objections to factual findings.   Further, the court held that the record reflected that Aaron L. owed a legal duty of support pursuant to Tennessee legitimation orders establishing his paternity for the children. The court also adopted the magistrate's decision and made it the order of the court.   Thus, the support order from Tennessee was ordered registered for purposes of enforcement only.   Aaron L. appeals from the judgment of the trial court.

II.   Did the Magistrate Commit Judicial Misconduct

by Incorrectly Stating that Angela C. Was Present at the Hearing?

{¶ 9}     Aaron L's First Assignment of Error states that:

The Magistrate Erred by Stating that All Parties Present at Initial Hearing

on January 23, 2013 included ["Angela C."]   (Alleged Obligee).   This Prejudiced

My Case by Preconditioning An Unfair Hearing Environment that Contained a Lie

and Judicial Misconduct.

{¶ 10}     Under this assignment of error, Aaron L. argues that the magistrate failed to follow judicial procedure by incorrectly stating that Angela C. was present at the hearing.   Aaron L. claims this prejudiced him, and that the magistrate continued the abuse of discretion by failing to inform him of his rights to discovery.   Aaron has not submitted any legal authority to support his position.

{¶ 11}     The State concedes that a clerical error occurred when the magistrate inadvertently named Angela C. as having been present at the hearing.   According to the State,

this is a minor error that had no effect on the proceedings.

{¶ 12}     "The Uniform Interstate Family Support Act ('UIFSA'), codified in Ohio at R.C. 3115.01 et seq., permits states that issue child support orders to request other states to enforce the order against a resident of the responding state when both states have adopted the UIFSA."   *In re R.D.A.*, 8th Dist. Cuyahoga No. 98306, 2013-Ohio-935, ¶ 12, citing *Beam v. Beam*, 2d Dist. Darke No. 02-CA-1573, 2002-Ohio-2910, ¶ 10.   "All 50 states have adopted the UIFSA, * * * bringing much needed predictability in this area."   (Footnote omitted.)  *DeSantis v. Lara*, 1st Dist. Hamilton No. C-080482, 2009-Ohio-2570, ¶ 27 and fn. 12.   Thus, both Tennessee and Ohio have adopted the UIFSA.

{¶ 13}     R.C. 3115.39 through R.C. 3115.45 are part of Ohio's UIFSA statutes, and provide procedures for registering support orders from other states.   These procedures outline the documents that must be filed,  provide for notice to the obligor, and provide procedures for contesting the validity of the registered order.   See R.C. 3115.39, 3115.42, and 3115.43. Pursuant to these procedures, the trial court gave notice to Aaron L., and provided him with a hearing.

{¶ 14}     These statutes do not require the presence of obligees at registration hearings, and we fail to see any way in which Aaron L. was prejudiced by the magistrate's clerical error. "It is an elementary proposition of law that an appellant, in order to secure reversal of a judgment against him, must not only show some error but must also show that that error was prejudicial to him."  *Smith v. Flesher*, 12 Ohio St.2d 107, 110, 233 N.E.2d 137 (1967).

{¶ 15}     As support for a finding that he was prejudiced, Aaron L. states that after hearing the magistrate's failure to follow judicial procedure, he felt he was "faced with a hopeless

chance to overcome this psychological burden of defending himself" against registration. We see nothing in the record to indicate that Aaron L. was unfairly treated. To the contrary, the magistrate even continued the initial hearing for several months to allow Aaron L. to pursue paternity proceedings in Tennessee.

{¶ 16}  Regarding the allegations that the magistrate failed to explain discovery rights or other matters, we note that UIFSA does not require courts to treat pro se litigants differently from other parties. The rule in Ohio is that "[l]itigants who choose to proceed pro se are presumed to know the law and correct procedure, and are held to the same standards as other litigants." *Yocum v. Means*, 2d Dist. Darke No. 1576, 2002-Ohio-3803, ¶ 20, citing *Kilroy v. B.H. Lakeshore Co.*,111 Ohio App.3d 357, 363, 676 N.E.2d 171 (8th Dist.1996). Thus, "a pro se litigant 'cannot expect or demand special treatment from the judge, who is to sit as impartial arbiter.' " *Id.*

{¶ 17}  Accordingly, Aaron L.'s First Assignment of Error is overruled.

III.  Did the Magistrate Fail to Take Notice

of Laws Pertaining to Proof of Paternity?

{¶ 18}  Aaron L.'s Second Assignment of Error states as follows:

The Magistrate Erred by Not Taking in Full Consideration of the UIFSA Petition as of Not Containing a Satisfying Proof of Paternity When Appellate [sic] Challenged the Petition of Affidavit of Paternity Submitted by the State of Tennessee's Child Support Agency Based in Chattanooga. It Suggested and/or Stated that Pro Se Litigant Petitioned Their Juvenile Court Stating that I Was the

Father of Aleasha N.[L.] and Whitley D.[L.].

{¶ 19}   Under this assignment of error, Aaron L. contends that the magistrate should have denied or suspended registration of the support order until the child support agency in Chattanooga presented clear and convincing proof of paternity.   Aaron L. apparently relies on Ohio law regarding presumptions of paternity, although he does not refer to specific statutes or case law that support his contention.

{¶ 20}   R.C. 3115.43(A) provides that:

A nonregistering party seeking to contest the validity or enforcement of a registered order in this state shall request a hearing no later than twenty days after the date of mailing or personal service of the notice of the registration by filing a motion with the registering tribunal.   The nonregistering party may seek to vacate the registration, to assert any defense to an allegation of noncompliance with the registered order, or to contest the remedies being sought or the amount of any alleged arrearages pursuant to section 3115.44 of the Revised Code.

{¶ 21}   Aaron L. did not request a hearing, but the trial court provided him with two hearings.   Regarding challenges to registration, R.C. 3115.44(A) states that:

A party contesting the validity or enforcement of a registered order or seeking to vacate the registration has the burden of proving one or more of the following defenses:

(1) The issuing tribunal lacked personal jurisdiction over the contesting party;

(2) The order was obtained by fraud;

(3) The order has been vacated, suspended, or modified by a later order;

(4) The issuing tribunal has stayed the order pending appeal;

(5) There is a defense under the law of this state to the remedy sought;

(6) Full or partial payment has been made;

(7) The applicable statute of limitation under section 3115.41 of the

Revised Code precludes enforcement of some or all of the arrearages.

**{¶ 22}** No transcripts of any hearings were presented to the trial court when Aaron L. objected to the magistrate's decision. Aaron L. has filed a transcript of the second hearing, but we cannot consider it. "When a party objecting to a referee's report has failed to provide the trial court with the evidence and documents by which the court could make a finding independent of the report, appellate review of the court's findings is limited to whether the trial court abused its discretion in adopting the referee's report, and the appellate court is precluded from considering the transcript of the hearing submitted with the appellate record." *State ex rel. Duncan v. Chippewa Twp. Trustees,* 73 Ohio St.3d 728, 730, 654 N.E.2d 1254 (1995).

**{¶ 23}** According to the record that does exist for our review, Aaron L.'s defense before the magistrate was that he was not the father of the children. Based on this assertion, the magistrate gave Aaron L. an opportunity to challenge that determination in Tennessee – which he apparently failed to do, since the magistrate subsequently ruled against him and ordered that registration of the support order should be allowed.

**{¶ 24}** R.C. 3115.26 states that "[a] party who has been previously determined pursuant to law to be the parent of a child may not plead that the party is not the parent of the child as a defense to a proceeding under sections 3115.01 to 3115.59 of the Revised Code." In view of

this fact, the magistrate may have been overly generous in allowing an opportunity to pursue proceedings in Tennessee. Nonetheless, if Aaron wished to challenge the paternity of his children, he was required to   pursue that remedy in Tennessee, since Ohio specifically precludes this matter as a defense to registration of the support order.

{¶ 25}   In a related context, we noted in *Lyles v. Lyles*, 2d Dist. Montgomery No. 18418, 2001 WL 62539 (Jan. 26, 2001), that:

> Under UIFSA, when State A issues a support order, and the obligor then moves to State B, the support obligee may directly enforce the order of support by sending the order: (1) to the obligor's employer in State B, who is then required to withhold and distribute the funds as directed by the order; or (2) to the support enforcement agency of State B, which is then required to use administrative procedure to enforce the support order. See R.C. 3115.12 through 3115.38. A support obligee may also register the support order in State B pursuant to R.C. 3115.39. Once an order is properly registered and confirmed, it is enforceable in the same manner as any order issued by State B.   R.C. 3115.40. However, the Act provides that so long as one of the parties continues to reside in State A, which originally rendered the order of support, that state will maintain continuing and exclusive jurisdiction over the matter. R.C. 3115.07. *Id.* at *2.

{¶ 26}   Likewise, we noted in *Lyles* that "[t]he state in which the order is registered may not modify the order unless the parties no longer reside in the rendering state or they consent to the jurisdiction of the state of registration. R.C. 3115.48." *Lyles* at *3. *Accord Young v. Rogers*, 12th Dist. Butler No. No. CA2001-08-183, 2002-Ohio-5135, ¶ 9 (quoting Sowald and

Morganstern, *Domestic Relations Law,* Section 23.43, at 83 (1997), and noting that "R.C. 3115.48 'determines when a registering Ohio tribunal gains jurisdiction to modify an order.' ").

**{¶ 27}** According to the record, both Angela C. and the children resided in Tennessee at the time of the proceedings below, and there is no evidence of written consent to modification and exclusive jurisdiction in Ohio, as required by R.C. 3115.48(A)(2).

**{¶ 28}** Based on the preceding discussion, any challenge to the children's paternity must have been brought in Tennessee, as that state had exclusive jurisdiction over the matter.

**{¶ 29}** As an additional matter, we find Aaron L.'s argument perplexing. Ohio law provides various procedures for establishing the parent-child relationship, including an action brought by either parent under R.C. 3111.01 to R.C. 3111.18. *See* R.C. 3111.02(A) and (B). In such an action, a father may admit paternity, and if so, the court enters an order in accordance with R.C. 3111.13. *See* R.C. 3111.08(B). In this regard, R.C. 3111.13(A) states that "[t]he judgment or order of the court determining the existence or nonexistence of the parent and child relationship is determinative for all purposes."

**{¶ 30}** R.C. 3112.02 (B) also states that:

A court that is determining a parent and child relationship pursuant to this chapter shall give full faith and credit to a parentage determination made under the laws of this state *or another state, regardless of whether the parentage determination was made pursuant to a voluntary acknowledgement [sic] of paternity*, an administrative procedure, or a court proceeding. (Emphasis added.)

**{¶ 31}** Ohio does allow actions to rescind acknowledgments of paternity, based on

fraud, duress, or mistake of material fact. *See* R.C. 3111.28. However, this does not mean that an original determination lacks determinative effect or that paternity must be established in registration proceedings by "clear and convincing evidence."

{¶ 32} Accordingly, even if Ohio law applied, we see no basis for concluding, as Aaron L. suggests, that the State had to prove his paternity by clear and convincing evidence because his paternity adjudication was in the form of an acknowledgment.

{¶ 33} In the case before us, a determination of paternity was made in the Juvenile Court for Hamilton County, Tennessee, in 1991, and any challenge must be brought in that forum. Aaron L.'s Second Assignment of Error is overruled.

IV. Did the Trial Court Err in Allowing a Fictitious Arrearage?

{¶ 34} Aaron L.'s Third Assignment of Error states as follows:

The Magistrate Erred by Allowing a Fictitious Arrearages Amount to Register. The Original Court Issued Amount Per Week Was $25.00 = $100.00 Per Month Not $108 Per Month. This Was Fraud Committed by the State of Tennessee's Child Support Agency.

{¶ 35} Under this assignment of error, Aaron L. contends that the magistrate erred in registering his payment amount at $108 per month, when he was originally ordered to pay $25.00 per week. The record indicates that the Tennessee court ordered Aaron L. to pay $25.00 per week for child support. As the State notes, $25.00 x 52 = $1,300 per year. That amount divided by 12 months = 108.33 – which is the monthly amount to be paid. The trial court did not err, therefore, in using the figure of $108 per month in support.

**{¶ 36}** Accordingly, Aaron L.'s Third Assignment of Error is overruled.

## V. Conclusion

**{¶ 37}** All of Aaron L.'s assignments of error having been overruled, the judgment of the trial court is affirmed.

. . . . . . . . . . . .

FROELICH, P.J., and DONOVAN, J., concur.

Copies mailed to:

Aaron Hill
Aaron L.
Hon. Nick Kuntz