[Cite as *In re J.K.M.*, 2016-Ohio-7799.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**MONTGOMERY COUNTY**

|  |  |  |
|---|---|---|
| IN RE: J.K.M. | : | |
| | : | |
| | : | Appellate Case No. 27183 |
| | : | |
| | : | Trial Court Case No. 2015-3553 |
| | : | |
| | : | (Appeal from Domestic Relations |
| | : | Court-Juvenile Division) |
| | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 18th day of November, 2016.

. . . . . . . . . . .

KATHYRN SHIELDS, Atty. Reg. No. 0091924, Montgomery County Support Enforcement Agency, 117 South Main Street, Suite 400, Dayton, Ohio 45422
      Attorney for Appellee c/o Herlinda Perez, Texas Attorney General's Office, Division of Child Support

J.S.M., Westerville, Ohio
      Appellant-Pro Se

. . . . . . . . . . . . .

WELBAUM, J.

{¶ 1} Defendant-appellant, J.S.M., appeals pro se from a decision of the Montgomery County Court of Common Pleas, Juvenile Division, overruling his objections to the magistrate's decision establishing him as the biological father of a minor, J.K.M., and ordering him to pay child support. For the reasons outlined below, the judgment of the juvenile court will be affirmed.

**Facts and Course of Proceedings**

{¶ 2} On June 9, 2015, the Montgomery County Child Support Enforcement Agency ("MCCSEA") filed a complaint against J.S.M. pursuant to the Uniform Interstate Family Support Act ("UIFSA") for purposes of requesting the juvenile court to establish J.S.M.'s paternity of J.K.M. and the payment of child support. The complaint was filed after MCCSEA received a UIFSA petition from a child support enforcement agency in Texas seeking to have Ohio (J.S.M.'s resident state) establish his paternity and child support on behalf of J.K.M.'s mother. A hearing on the complaint was scheduled for August 6, 2015.

{¶ 3} MCCSEA arranged for the complaint and notice of the hearing to be served to J.S.M. at his address in the city of Miamisburg, Montgomery County, Ohio, by process server. In July 2015, the court received a notice of service failure indicating that J.S.M. was avoiding service. The same day, MCCSEA requested that service be reissued to the same address by the sheriff's office. Despite multiple attempts, the sheriff's office was also unable to perfect service on J.S.M. As a result, on August 11, 2015, MCCSEA requested that service of the complaint and notice of the hearing, which had been

continued to October 22, 2015, be reissued by certified mail. Thereafter, on September 29, 2015, the certified mailer was returned as "unclaimed," but was successfully reissued by ordinary mail later the same day.

{¶ 4} On November 3, 2015, the juvenile court issued a capias for J.S.M.'s arrest after he did not attend the October 22, 2015 hearing on the complaint. A couple weeks later, J.S.M. was apprehended on the capias and confined in jail. While confined, J.S.M. submitted to DNA testing, the results of which confirmed him as the biological father of J.K.M.

{¶ 5} The hearing on the UIFSA complaint was continued to January 21, 2016. Prior to that, J.S.M. filed numerous pro se notices and motions demanding dismissal of the action. However, at the January 21st hearing, MCCSEA moved to have all of J.S.M.'s prehearing motions stricken due to J.S.M.'s failure to serve them on the parties of record. The trial court granted the motion and struck J.S.M.'s prehearing motions as requested.

{¶ 6} While J.S.M. appeared at the January 21st hearing, he was ordered by the presiding magistrate to leave the courtroom after he failed to properly identify himself and continued to disrupt the court proceedings with matters immaterial to the establishment of paternity and child support. Once J.S.M. left the courtroom, the magistrate continued with the proceeding. During the remainder of the proceeding, the magistrate discussed the DNA test results and J.S.M.'s income information that was submitted to the court by MCCSEA.

{¶ 7} The same day of the hearing, the magistrate issued a written decision establishing J.S.M. as the biological father of J.K.M. and ordering him to pay child support

in the amount of $765.52 per month, plus a processing fee. J.S.M. was also ordered to pay an additional $112 per month in medical support if no private health insurance was provided.

{¶ 8} On February 1, 2016, J.S.M. filed pro se objections to the magistrate's decision. All of J.S.M.'s objections are difficult to decipher, but appear to raise the following arguments:

1. MCCSEA does not represent the best interest of the children as it is required to do under law.

2. The DNA test confirming J.S.M.'s paternity of J.K.M. is inadmissible because the testing was performed while J.S.M. was wrongfully confined in jail under the capias.

3. The magistrate's decision incorrectly identified J.S.M. as a party to the action because, according to J.S.M., a "party" is defined as a "person concerned or having to take part in any affair, matter, or transaction or proceeding" and J.S.M. claims he is not a "person" as that term is defined by law.

4. The magistrate knowingly and intentionally violated Rule 2.3 of the Ohio Code of Judicial Conduct by exhibiting bias and prejudice against J.S.M. when ordering him to leave the courtroom at the January 21st hearing and conducting the proceedings without him.

{¶ 9} On February 25, 2016, the juvenile court judge issued a written decision overruling J.S.M.'s objections upon finding that they all lacked merit. In so holding, the juvenile court judge noted that instead of asserting a mistake of fact or error of law in the

magistrate's decision, J.S.M. instead asserted a variety of accusations that are unsupported by law and irrelevant to the establishment of paternity and child support. Accordingly, the juvenile court adopted the magistrate's decision in its entirety.

{¶ 10} J.S.M. now appeals from the juvenile court's judgment overruling his objections and adopting the magistrate's decision, raising three assignments of error for review.

**First Assignment of Error**

{¶ 11} Although difficult to discern, J.S.M.'s First Assignment of Error appears to argue that the juvenile court's decision establishing paternity and child support violates his constitutional right to due process of law because:

1. He was not properly served with the notice to appear at the October 22, 2015 hearing on the UIFSA complaint.

2. The magistrate ordered him to leave the courtroom at the January 21, 2016 hearing and based its paternity and child support order solely on the DNA test results and the statements of MCCSEA's attorney.

3. The DNA testing was inadmissible and involuntary because it was performed as a condition of his release while he was wrongfully apprehended for failing to appear at the October 22, 2015 hearing.

4. There was a conflict of interest between the judiciary and the State of Ohio when child support orders are made because child support payments fund State employee salaries and pensions.

5. The statements of MCCSEA's attorney at the January 21, 2016 hearing

are hearsay.

{¶ 12} At this juncture, we reiterate that the instant appeal is from the juvenile court's decision overruling J.S.M.'s objections to the magistrate's decision that determined he was the biological father of J.K.M. and established and ordered the payment of child support. The fourth and fifth arguments cited above were not raised as objections, nor do these arguments even relate to the objections that were reviewed by the juvenile court.

{¶ 13} Pursuant to Juv.R. 40(D)(3)(b)(iv) and Civ.R. 53(D)(3)(b)(iv), a party is barred from raising any error on appeal pertaining to a trial court's adoption of any finding of fact or conclusion of law by a magistrate unless that party timely objected to that finding or conclusion as required under the rule. Furthermore, "[i]ssues raised for the first time on appeal are not properly before this court and generally will not be addressed." (Citations omitted.) *In re Adoption of Z.G.A.*, 2d Dist. Greene No. 2015-CA-51, 2016-Ohio-238, ¶ 28. Accordingly, we decline to address J.S.M.'s fourth and fifth arguments, as they were waived and improperly raised for the first time on appeal.

{¶ 14} J.S.M.'s first argument, that he was denied due process because he was not properly served with the UIFSA complaint and notice of the hearing, was briefly raised under the objection in which he claimed that he was wrongfully confined at the time he submitted his DNA test results. As previously noted, J.S.M. was arrested and confined as a result of the juvenile court issuing a capias for his failure to appear at the hearing scheduled for October 22, 2015. J.S.M. claims that the capias was improper and that he was wrongfully apprehended because he was not properly served with notice of the October 22nd hearing. He claims that the notice was mailed to his former address in

Miamisburg, Ohio, and at the time of attempted service he resided at an address in Westerville, Ohio.

{¶ 15} " 'Service of process must be made in a manner reasonably calculated to apprise interested parties of the action and to afford them an opportunity to respond.' " *Portfolio Recovery Assoc., L.L.C. v. Thacker*, 2d Dist. Clark No. 2008-CA-119, 2009-Ohio-4406, ¶ 20, quoting *Carter-Jones Lumber Co. v. Meyers*, 2d Dist. Clark No. 2005 CA 97, 2006-Ohio-5380, ¶ 11. (Internal citation omitted.) The Rules of Juvenile Procedure and the Ohio Revised Code both indicate that the Rules of Civil Procedure govern service of the pleadings at issue here. Specifically, Juv.R. 16(A) provides that "[e]xcept as otherwise provided in these rules, summons shall be served as provided in Civil Rules 4(A), (C) and (D), 4.1, 4.2, 4.3, 4.5 and 4.6." R.C. 3111.08 further provides that "[a]n action brought pursuant to sections R.C. 3111.01 to R.C. 3111.18 to declare the existence or nonexistence of the father and child relationship is a civil action and shall be governed by the Rules of Civil Procedure unless a different procedure is specifically provided by those sections."

{¶ 16} According to the Civil Rules, service may be made by certified or express mail "[e]videnced by return receipt signed by any person[.]" Civ.R. 4.1(A)(1)(a). The Civil Rules further provide that:

> If a United States certified or express mail envelope attempting service within or outside the state is returned with an endorsement stating that the envelope was unclaimed, the clerk shall forthwith notify the attorney of record * * * and enter the fact and method of notification on the appearance docket. If the attorney, or serving party, after notification by

the clerk, files with the clerk a written request for ordinary mail service, the clerk shall send by United States ordinary mail a copy of the summons and complaint or other document to be served to the defendant at the address set forth in the caption, or at the address set forth in written instructions furnished to the clerk.   The mailing shall be evidenced by a certificate of mailing which shall be completed and filed by the clerk. * * * Service shall be deemed complete when the fact of mailing is entered of record, provided that the ordinary mail envelope is not returned by the postal authorities with an endorsement showing failure of delivery.   If the ordinary mail envelope is returned undelivered, the clerk shall forthwith notify the attorney, or serving party.

Civ.R. 4.6(D).   Compliance with Civ.R. 4.6(D) raises the presumption of proper service. *Natl. City Bank v. Akbar*, 2d Dist. Montgomery No. 18929, 2002 WL 91282, *1 (Jan. 25, 2002), citing *Grant v. Ivy*, 69 Ohio App.2d 40, 42, 429 N.E.2d 1188 (10th Dist.1980). However, that presumption may be rebutted by evidence showing that service was not in fact made.   *In re Parker*, 2d Dist. Montgomery No. 25045, 2012-Ohio-5540, ¶ 9.

{¶ 17} In this case, the record indicates that there were multiple attempts at serving J.S.M. with the UIFSA complaint and notice of the hearing at his Miamisburg address by personal service and then by certified mail.   On September 29, 2015, certified mail service was recorded as unclaimed and then resent via ordinary mail to the same address.   There is nothing in the record indicating that the ordinary mail service failed; therefore, service is presumed perfected pursuant to Civ.R. 4.6(D).

{¶ 18} We note that during the lower court proceedings, J.S.M. never argued that

he resided at a different address at the time of service or that he never received notice of the October 22, 2015 hearing. His objection to the magistrate's decision merely stated that service of the notice was improper making his apprehension under the capias wrongful and illegal. He did not explain why service was improper nor make any argument with regards to Civ.R. 4.6(D), which as noted above, indicates service was proper.

{¶ 19} Moreover, the record indicates that J.S.M. was present at the Miamisburg address when personal service was attempted by a process server in June and July 2015. The process server noted on the failure of service notice that the car registered to J.S.M. was in the driveway of the residence, that the residence was owned by J.S.M., and that J.S.M. told the process server that "we had the wrong guy." Return/Failure of Service of Summons (July 2, 2015), Montgomery County Juvenile Court Case No. I-2015-003553-0B, Docket No. 36. The process server further noted that J.S.M. was avoiding service and made a note to send the matter to the Montgomery County Sheriff's Office. *Id.* The sheriff's office then made multiple attempts to serve J.S.M. at the Miamisburg address, but was also unsuccessful and noted on the failure of service notice that there was no response. Return/Failure of Service of Summons (July 30, 2015), Montgomery County Juvenile Court Case No. I-2015-003553-0B, Docket No. 32. Thereafter, the MCCSEA requested service be reissued by certified mail to the same address, which was returned unclaimed and then successfully sent by ordinary mail per Civ.R. 4.6(D).

{¶ 20} For the foregoing reasons, J.S.M.'s claim that he was not properly served with the complaint and notice of the hearing lacks merit.

{¶ 21} J.S.M's second argument, that he was denied due process because he was

ordered to leave the January 21, 2016 hearing, arguably relates to his objection that the magistrate exhibited bias and prejudice when ordering him to leave the courtroom. However, it is well established that, "[t]he orderly conduct of the trial falls within the discretionary powers of the court." *State v. Polston*, 2d Dist. Montgomery No. 11707, 1990 WL 166989, *9 (Oct. 31, 1990), citing *State v. Moon*, 44 Ohio App.2d 275, 337 N.E.2d 794 (2d Dist.1975). " 'A judge is at all times during the sessions of the court empowered to maintain decorum and enforce reasonable rules to insure the orderly and judicious disposition of the court's business.' " *Sullivan v. Curry*, 2d Dist. Montgomery No. 23293, 2010-Ohio-5041, ¶ 24, quoting *State v. Clifford*, 162 Ohio St. 370, 372, 123 N.E.2d 8 (1954). Furthermore, Mont. Juv. Ct. Rule 5.1.4 provides "[p]ersons committing any violation of proper conduct shall be removed from any courtroom, waiting area, hallway, entryway or any other location within the Juvenile Justice Center or on its campus by security personnel charged with the enforcement of this rule."

{¶ 22} After a thorough review of the record, we do not find that the magistrate's decision to order J.S.M. to leave the courtroom during the January 21st hearing was an abuse of discretion, nor did it amount to bias and prejudice. The transcript of the hearing indicates that after the magistrate simply asked J.S.M. to state his name, J.S.M. continually gave a convoluted response and attempted to speak on irrelevant matters despite being cautioned to properly identify himself and to address only issues relevant to the proceedings. After J.S.M. continued to disrupt the proceedings and argued with the magistrate about his ability to speak on unrelated issues, the magistrate ordered him to leave the courtroom. The magistrate then completed the proceedings without J.S.M.'s presence using the DNA test results and income information provided by MCCSEA.

Under these circumstances, we do not find that it was unreasonable for the magistrate to have J.S.M. leave the courtroom and to continue the proceedings without him. Accordingly, J.S.M.'s second argument lacks merit.

**{¶ 23}** J.S.M.'s third argument, that he was denied due process because the DNA testing was inadmissible, was specifically raised in his objections to the magistrate's decision. J.S.M. claims the DNA testing was inadmissible because it was performed while he was wrongly confined in jail. As noted earlier, J.S.M. was arrested and confined as a result of the juvenile court issuing a capias for his failure to appear at the hearing scheduled for October 22, 2015. J.S.M. claims that the capias was improper and that he was wrongfully apprehended because he was not properly served with notice of the October 22nd hearing. However, as noted earlier, service of process was perfected in accordance with the Civil Rules. Because J.S.M. failed to appear after being properly served, the resulting capias and his subsequent apprehension was lawful. Therefore, the DNA testing was not tainted by any wrongdoing that would render it inadmissible, as J.S.M. admits that he submitted to the DNA testing as a condition of his release from confinement. Accordingly, J.S.M.'s third argument also lacks merit.

**{¶ 24}** Having found no merit to the arguments raised herein, J.S.M.'s First Assignment of Error is overruled.

**Second Assignment of Error**

**{¶ 25}** Under his Second Assignment of Error, J.S.M. contends that "the Administrative Child Support Process" governed by the Ohio Revised Code violates the Separation of Powers Doctrine because it constitutes an impermissible transfer of judicial

power to the executive branch by giving MCCSEA broad authority over matters that J.S.M. claims are traditionally determined by the judicial branch, such as the enforcement of child support orders.

{¶ 26} J.S.M. raised this argument in one of his many prehearing motions that was struck from the record for failure of service. J.S.M., however, did not raise this argument in his objections to the magistrate's decision and thus waived it for appeal. *See* Juv.R. 40(D)(3)(b)(iv) and Civ.R. 53(D)(3)(b)(iv). In addition to waiver, J.S.M.'s separation of powers argument does not apply to this case because the argument challenges administrative child support proceedings when the instant appeal is based on a judicial proceeding that is authorized by the UIFSA. *See* R.C. 3115.305, R.C. 3115.103(A), R.C. 2151.23(B)(3). Accordingly, the separation of powers argument is not properly before this court.

{¶ 27} For the foregoing reasons, J.S.M.'s Second Assignment of Error is overruled.

## Third Assignment of Error

{¶ 28} Under his Third Assignment of Error, J.S.M. challenges the juvenile court's personal and subject-matter jurisdiction. J.S.M. first claims that the juvenile court lacked personal jurisdiction due to insufficient service of process. However, as noted above, we have already determined under J.S.M.'s First Assignment of Error that he was properly served with the UIFSA complaint and notice of the hearing.

{¶ 29} Moreover, Civ.R. 12(B) provides that the defense of lack of jurisdiction over the person or insufficiency of service of process shall be asserted in the responsive

pleading if one is required, or may be made by motion. Civ.R. 12(H)(1) further states that "[a] defense of lack of jurisdiction over the person * * * or insufficiency of service of process is waived * * * if it is neither made by motion under this rule nor included in a responsive pleading or an amendment thereof permitted by Rule 15(A) to be made as a matter of course." While J.S.M. essentially argued in one of his many prehearing motions that he was not properly served with the UIFSA complaint, all of his prehearing motions were struck from the record due to failure of service. Accordingly, J.S.M.'s personal jurisdiction/insufficiency of service of process defense was not properly raised in a motion or responsive pleading and is therefore waived under Civ.R. 12(H)(1).

{¶ 30} J.S.M. also claims that the juvenile court lacked subject-matter jurisdiction over the UIFSA proceedings at issue. We note that subject-matter jurisdiction is the power conferred upon a court, either by constitutional provisions or by statute, to hear and decide a particular matter or issue on its merits. (Citations omitted.) *Lawson v. Kidd*, 2d Dist. Clark No. 2883, 1992 WL 236860, *1 (Sept. 23, 1992).

{¶ 31} All 50 states have adopted the UIFSA, which is codified in Chapter 3115 of the Ohio Revised Code. (Citation omitted.) *In re A.L.*, 2d Dist. Montgomery No. 25740, 2014-Ohio-46, ¶ 12. R.C. 3115.305 (formerly R.C. 3115.16) sets forth the powers and duties of a tribunal that responds to a UIFSA petition and provides that "[a] responding tribunal of this state, to the extent not prohibited by other law, may * * * [e]stablish or enforce a support order, * * * or determine parentage of a child[.]" R.C. 3115.305(B)(1). "For purposes of carrying out the duties and responsibilities under [Chapter 3115], the juvenile court or the division of the court of common pleas that has jurisdiction over disputes arising under [Chapter 3115] is the tribunal of this state[.]" R.C. 3115.103(A).

{¶ 32} R.C. 2151.23(B)(3) specifically provides that the juvenile court has original jurisdiction "[u]nder the uniform interstate family support act in Chapter 3115 of the Revised Code[.]" The statute also provides that the juvenile court has original jurisdiction "[t]o hear and determine an application for an order for the support of any child, if the child is not a ward of another court of this state" and "[t]o determine the paternity of any child alleged to have been born out of wedlock pursuant to sections 3111.01 to 3111.18 of the Revised Code[.]" *Id.* at (B)(2) and (B)(4). Furthermore, R.C. 3111.06(A) provides that a paternity action authorized under sections 3111.01 to 3111.18 "may be brought in the juvenile court * * * of the county in which the child, the child's mother, or the alleged father resides or is found[.]"

{¶ 33} Based on the aforementioned statutory provisions, it is clear that the Montgomery County Juvenile Court had subject-matter jurisdiction over the UIFSA proceedings to establish paternity and child support, as the record indicates that J.S.M. resided in and was properly served with the UIFSA complaint in Montgomery County. Accordingly, J.S.M.'s subject-matter jurisdiction argument also lacks merit.

{¶ 34} Again, having found no merit to any of the arguments raised herein, J.S.M.'s Third Assignment of Error is overruled.

## Conclusion

{¶ 35} Having overruled all three assignments of error raised by J.S.M., the judgment of the juvenile court is affirmed.

. . . . . . . . . . . . .

DONOVAN, P.J. and HALL, J., concur.

Copies mailed to:

Kathryn Shields
Herlinda Perez
J.S.M.
Hon. Nick Kuntz