[Cite as *In re B.G.S.*, 2017-Ohio-9253.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## MARION COUNTY

IN RE:

        B.G.S.

[ZACHARY SUMMERS - APPELLANT]

CASE NO.  9-17-34

O P I N I O N

Appeal from Marion County Common Pleas Court
Juvenile Division
Trial Court No. 2016 AB 00086

Judgment Reversed and Cause Remanded

Date of Decision:   December 26, 2017

APPEARANCES:

    *David H. Lowther* for Appellant

    *Justin J. Kahle* for Appellee

**PRESTON, P.J.**

{¶1} Appellant Zachary Summers ("Summers") appeals the July 20, 2017 judgment entry of the Marion County Family Court denying his Motion for Relief From Judgment and his Motion to Provide Documents. For the reasons that follow, we reverse.

{¶2} B.G.S. was born in July of 2016 to Elizabeth Sappington ("Sappington") and Summers. The birth of B.G.S. was unknown to Summers until after the case was disposed of. On August 2, 2016, the Marion County Children Services Board ("the Agency") filed "Motion For Ex Parte/Emergency Orders With Notice Of Hearing" asking that the trial court grant the Agency temporary emergency custody of B.G.S., and the trial court granted the motion. (Doc Nos. 1, 2).[1] On August 2, the Agency filed a complaint alleging that B.G.S. was a dependent child under R.C. 2151.04 (Doc. No. 3).[2] After a shelter care hearing on August 2, 2016, the trial court granted the Agency pre-dispositional interim custody on August 5, 2016. (Doc. No. 5). After an adjudication on September 16, 2016, the magistrate found B.G.S. to be a dependent child on October 20, 2016. (Doc. No. 19). That same day, the trial court adopted the magistrate's decision as its order. (Doc. No. 20).

---

[1] The Agency filed an "Amended Motion For Ex Parte/Emergency Orders With Notice Of Hearing" on August 8, 2016 (Doc. No. 6). That same day, the trial court granted the amended motion. (Doc. No. 9).
[2] The Agency filed an amended complaint on August 8, 2016, asking that the trial court grant the Agency permanent custody of B.G.S. (Doc. No. 7).

**{¶3}** On November 23, 2016, the Agency filed a motion for permanent custody of B.G.S. (Doc. No. 28). After a hearing on November 29, 2016 at which Sappington executed a permanent voluntary surrender of her parental rights, the trial court granted permanent custody of B.G.S. to the Agency on December 13, 2016. (Doc. No. 32). The Agency attempted to serve Summers by posting in order to inform him of both the dependency hearing and the permanent custody hearing. The postings included initials to identify the child and did not include Sappington's name.

**{¶4}** On January 31, 2017, Summers filed "Motion to Provide Documents," as well as a Motion For Relief From Judgment under Civ.R. 60(B) asking that the trial court vacate its judgment entry granting permanent custody to the Agency. (Doc. Nos. 37, 38). In his Motion For Relief From Judgment, Summers alleges that he was not aware of the birth of B.G.S. and was not properly served with notice of the permanent custody hearing. On February 28, the Agency filed a response to Summers's Motion For Relief From Judgment. (Doc. No. 42).[3] On April 28, 2017, Summers filed an additional brief in which he argues that he is entitled to relief under Civ.R. 60(B) because the Agency did not perfect service upon him and because Sappington committed fraud. (Doc. No. 48). The trial court denied Summers's motions on July 20, 2017. (Doc. No. 49).

---

[3] The Agency also filed a memorandum in opposition to Summers's "Motion To Provide Documents" on April 18, 2017. (Doc. No. 45).

{¶5} Summers filed his notice of appeal on August 25, 2017. (Doc. No. 51).[4] He brings one assignment of error for our review.

**Assignment of Error**

**The [Trial] Court Erred To The Prejudice Of Appellant By Dismissing Appellant's Motion For Relief From Judgment.**

{¶6} In his sole assignment of error, Summers argues that the trial court erred by denying his motion under Civ.R. 60(B). Specifically, Summers argues that the trial court erred in denying his motion because Summers was the victim of fraud. Summers further argues that the trial court was without jurisdiction to hear the case because Summers did not receive adequate notice of the dependency proceeding or the permanent custody hearing.

{¶7} In order to prevail on a motion for relief from judgment under Civ.R. 60(B), a movant must show that (1) he has a meritorious defense if relief is granted; (2) he is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time. *In re Schuette*, 12th Dist. No. CA2002-11-042, 2003-Ohio-2371, ¶ 11, citing *GTE Automatic Elec., Inc. v. ARC Industries*, 47 Ohio St.2d 146 (1976). A trial court exercises broad discretion in ruling on a motion under Civ.R. 60(B), and a reviewing court will not reverse the trial court's decision absent an abuse of that discretion. *Id.* Where a movant files a

---

[4] This appeal is timely because the Notice Of Appealable Order was not served until July 31, 2017, as reflected in the docket.

motion to vacate a judgment under Civ.R. 60(B) and specifically challenges the court's personal jurisdiction over him on the basis that he was not provided notice, reviewing courts treat the motion as a common-law motion to vacate, and such a motion need not meet the standards applicable to a Civ.R. 60(B) motion. *In re R.P.*, 9th Dist. Summit No. 26271, 2012-Ohio-4799, ¶ 19. Issues related to a court's jurisdiction are reviewed de novo. *In re Z.H.*, 9th Dist. Summit No. 26844, 2013-Ohio-3904, ¶ 12.

{¶8} The right to raise one's child is a basic and essential right. *In re Murray,* 52 Ohio St.3d 155, 157 (1990), citing *Stanley v. Illinois*, 405 U.S. 645, 651, 92 S.Ct. 1208 (1972) and *Meyer v. Nebraska*, 262 U.S. 390, 399, 43 S.Ct. 625 (1923). "Parents have a 'fundamental liberty interest' in the care, custody, and management of the child." *Id.,* quoting *Santosky v. Kramer*, 455 U.S. 745, 753, 102 S.Ct. 1388 (1982). Where a complaint for dependency has been filed, parents are entitled to notice, whether actual or constructive, of the dependency proceeding. *In re Billingsley*, 3d Dist. Putnam Nos. 12-02-07 and 12-02-08, 2003-Ohio-344, ¶ 9. Failure of notice renders any determination in relation to such a proceeding void. *Id.* In order to be proper, service of process must be made in some manner reasonably calculated to apprise interested parties of the action and give them an opportunity to respond. *In re J.K.M.*, 2d Dist. Montgomery No. 27183, 2016-Ohio-7799, ¶ 15. Because of the importance of the rights at issue in permanent custody

proceedings, parents whose children are the subject of such proceedings must be afforded every procedural and substantive protection the law requires. *In re Thompkins*, 115 Ohio St.3d 409, 2007-Ohio-5238, ¶ 11.

{¶9} Juv.R. 16 sets forth various methods by which notice may be accomplished and provides, in relevant part, that a valid notice by posting must contain "the name and address of the court, the case number, [and] the name of the first party on each side[.]"[5] Juv.R. 16(A). Juv.R. 2(Y) defines "party" to include "a child who is the subject of a juvenile court proceeding * * * [and] the child's parent or parents." Juv.R. 2(Y). The requirement of Juv.R. 16 that the child's name be included is not met by the inclusion of mere initials. *In re Z.H.* at ¶ 19. This is especially true where the initials in question pertain to a child that the unknown father had never met and of whom he may have been entirely unaware. *Id.* Juvenile courts may adopt rules permitting the use of initials in juvenile court documents; however, in the absence of such a rule, all juvenile court documents must identify juveniles by their names rather than their initials. Juv.R. 5(B). Marion County's local rules of court specifically require that "captions in all actions involving juveniles or parentage actions shall contain the child's name[.]" Loc.R. 5(c) of the Court of Common Pleas of Marion County, Family Division.

---

[5] Specifically, the rule requires that such information be contained in a notice by publication; it then provides that any notice properly given by posting must contain the same information that must be included in a notice by publication. Juv.R. 16(A).

**{¶10}** We conclude that the notices of the dependency and permanent custody hearings in this case were not reasonably calculated to apprise Summers of the pendency of the action. (*See* Doc. Nos. 13, 25); *In re Z.H.* at ¶ 19. Both notices are deficient, in part, because they contain only initials to identify the child. *In re Z.H.* at ¶ 19 (noting that the inclusion of initials does not comply with Juv.R. 15's requirement that parties be identified by name). The initials in this case are all the more ineffective because B.G.S. stands for "Baby Girl Sappington." Thus, though the use of the initials B.G.S. may identify the child to the Agency and the trial court, two of the three letters are not initials for a name at all. We further conclude that the notices at issue are defective because they clearly do not include the name of the mother, as the rules require. Juv.R. 2(Y); Juv.R. 15(A).

**{¶11}** We further conclude that the notices at issue are defective because, despite the fact that Juv.R. 5 permits trial courts to adopt rules permitting juveniles to be identified by their initials, the applicable local rule does not so provide. Loc.R. 5(c) of the Court of Common Pleas of Marion County, Family Division. Thus, the notices in this case do not comply with Juv.R. 15, or the trial court's own local rule.

**{¶12}** Summers's assignment of error is sustained.

**{¶13}** Having found error prejudicial to the appellant herein in the particulars

assigned and argued, we reverse the judgment of the trial court and remand for further proceedings consistent with this opinion.

**Judgment Reversed and**
**Cause Remanded**

**ZIMMERMAN and SHAW, J.J., concur.**

**/jlr**